IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN GROSS,

                Plaintiff,                OPINION & ORDER

   v.

                                            12-cv-577-wmc

WILLIAM POLLARD, DONALD
STRAHOTA, JAMES OLSON, JASON
ROSENTHAL, WILLIAM HOLM, JOLENE
MASON and COREY BRADLEY,

                Defendants.

---

In this civil action, plaintiff John Gross has been granted leave to proceed on various claims under the Eighth Amendment, including a claim that defendant Jolene Mason touched him sexually without his consent and coerced him into sex on multiple occasions during his incarceration. Mason has moved to dismiss the claims against her for failure to exhaust administrative remedies and on grounds of qualified immunity.[1] (Dkt. #48.) For the reasons that follow, the court will deny Mason's motion in its entirety.

I. **Failure to Exhaust Administrative Remedies**

The PLRA, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In the Seventh Circuit, "[e]xhaustion of

---

[1] Multiple other motions are also pending in this action. Mason's first motion to dismiss (dkt. #20), which is substantively identical to the motion currently before the court, is denied as moot, as is her motion to stay discovery pending resolution of the motion to dismiss (dkt. #73). Gross's motion to disregard the motion to dismiss (dkt. #57) is construed as a sur-reply to the motion to dismiss and, with respect to the relief it requests, is denied. The other motions pending will be addressed today in separate opinions and orders.

administrative remedies . . . is a condition precedent to suit." *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002); *see also Perez v. Wis. Dep't of Corr.*, 183 F.3d 532, 535 (7th Cir. 1999) (holding that where administrative remedies have not been exhausted, "the district court lacks discretion to resolve the claim on the merits"). Additionally, the PLRA requires "proper exhaustion; that is, the inmate must file a timely grievance utilizing the procedures and rules of the state's prison grievance process." *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011) (internal quotation marks omitted). Lack of exhaustion is an affirmative defense, meaning that Mason bears the burden of establishing it. *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).

Mason points out that Gross's original complaint (dkt. #1) acknowledges his failure to file a grievance concerning the facts alleged. Ordinarily, this would bar the court from considering the merits of his claims against Mason. However, Gross goes on to allege that he chose instead to inform Prison Rape Elimination Act ("PREA") investigators of the incidents and was told this would override prison grievance procedure and render it unnecessary.

The Seventh Circuit has previously held that an administrative remedy is not available and need not be exhausted "if prison officials erroneously inform an inmate that the remedy does not exist or describe the steps he needs to take to pursue it." *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011); *see also Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005). Other circuits have come to similar conclusions. *See, e.g.*, *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (inmate not required to exhaust further levels of review once reliably informed by administrator that no remedies were available); *Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002) (fact issues as to whether inmate had exhausted

when he alleged security officials told him he had to wait until the end of investigation before filing a grievance precluded summary judgment).

Here, taking Gross's plausible statement as true (as the court must at the Rule 12(b)(6) stage), he was informed by PREA investigators that he need not file a grievance because the PREA itself "overrode" that procedure. If true, this could well excuse his non-compliance with the PLRA's exhaustion requirement. *See, e.g.*, *Lane v. Doan*, 287 F. Supp. 2d 210, 212 (W.D.N.Y. 2003) ("a plaintiff may proceed despite nonexhaustion where he has been led to believe by prison officials that his alleged incident was not a grievance matter and assured that his claims were otherwise investigated") (internal quotation marks omitted). Accordingly, a factual dispute exists as to whether Gross properly exhausted his administrative remedies, precluding dismissal of his case against Mason for failure to exhaust.

**II. Qualified Immunity**

Under the doctrine of qualified immunity, "[p]ublic officials 'performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998). Mason couches her argument for immunity in terms of whether a reasonable person would have known that *consensual* sexual relations between an inmate and prison guard violated the Eighth Amendment, citing to cases such as *Freitas v. Ault*, 109 F.3d 1335, 1339 (8th Cir. 1997), and *Phillips v. Bird*, No. Civ.A. 03-247-KAJ, 2003 WL 22953175, at *6 (D. Del. Dec. 1, 2003). As previously noted, however, at the motion to dismiss stage, the court

3

must accept as true all factual allegations Gross makes and draw all inferences in his favor. *Alvarado v. Litscher*, 267 F.3d 648, 650 (7th Cir. 2001). Gross alleges a *coercive* sexual relationship, not a consensual one, as demonstrated by his use of terms like "sexual assault" and his allegations that Mason "abus[ed] [her] power as a correctional officer" and "forc[ed] plaintiff into a confidential informant position." (*See* Compl. (dkt. #1) 4.) A reasonable trier of fact could infer from these and numerous other allegations that Gross's sexual relationship with Mason was not consensual. Not surprisingly, Mason cites no cases suggesting a reasonable person, much less a trained correctional officer, would not have known of an inmate's right to be free from *non-consensual* sexual conduct. Accordingly, dismissal on the grounds of qualified immunity at this stage is not appropriate.

ORDER

IT IS ORDERED that:

1) Defendant Jolene Mason's motion to dismiss (dkt. #20) is DENIED as moot.

2) Defendant Mason's renewed motion to dismiss (dkt. #48) is DENIED.

3) Plaintiff John Gross's motion to disregard Mason's motion to dismiss (dkt. #57) is DENIED.

4) Defendant Mason's motion to stay discovery pending resolution of the motion to dismiss (dkt. #73) is DENIED as moot.

Entered this 11th day of September, 2014.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge