IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

JOHN GROSS,

                Plaintiff,              OPINION & ORDER

  v.

                                               12-cv-577-wmc

WILLIAM POLLARD, DONALD
STRAHOTA, JAMES OLSON, JASON
ROSENTHAL, WILLIAM HOLM, JOLENE
MASON and COREY BRADLEY,

                Defendants.
───────────────────────────────────────────────────────────────

      In this civil action, plaintiff John Gross has been granted leave to proceed on various claims under the Eighth Amendment arising out of alleged, non-consensual sexual encounters with Correctional Officer Jolene Mason during his incarceration. Gross has asked the court to assist him in finding counsel pursuant to 28 U.S.C. § 1915(e)(1). (Dkt. #58.)

      Before deciding whether it is necessary to recruit counsel, a court must find that a plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful, or that he has been prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). To meet that requirement, this court generally requires a litigant to submit the names and addresses of at least three attorneys to whom he has written and who have refused him legal assistance. Gross has apparently written to five attorneys so far, one of whom has sent him a rejection letter. The other four have not responded in any way. Given that the failure to respond at some point becomes a *de facto* rejection, and that four months have passed since Gross wrote to three of the attorneys, the court concludes that Gross has met the threshold requirement of *Jackson*.

In deciding to grant a request to recruit volunteer counsel, the central question is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Here, Gross acknowledges that much of his case is premised on events for which he was present, but he claims to have reached the limits of his ability to investigate, particularly since he has been locked up in administrative confinement. He also points out that significant discovery may be required to demonstrate the other defendants had the requisite subjective knowledge of the danger Officer Mason posed to him, representing that defendants have delayed producing discovery materials requested (or, in some cases, have ignored him altogether). Furthermore, Gross argues that his case hinges in large part on conflicting testimony, and courts favor appointing counsel in such credibility contests. Gross also indicates he has suffered psychological fallout from the events of which he complains but has been unable to obtain an expert witness, which he will likely need to prove alleged psychiatric and emotional damages. Finally, Gross points out that the dispositive motion deadline is looming and he has been unable to obtain many of the materials he will need to successfully oppose defendants' anticipated motion for summary judgment.

Taking these facts together, as well as defendant Mason's apparent admission that a sexual relationship existed between plaintiff and herself while he was incarcerated (though she contends it was a consensual one), the court is persuaded that the circumstances surrounding this case render it sufficiently complex as to exceed Gross's capacity to litigate it alone. The discovery he needs to prove deliberate indifference, the struggles he has had thus far obtaining discovery and the nature of his case, hinging as it does on conflicting

testimony and credibility, all weigh in favor of appointing counsel. Furthermore, Gross has survived disposition of his case on qualified immunity and exhaustion grounds and is nearing the summary judgment stage. He will now need to present admissible evidence that is sufficient to allow a trier of fact to find that defendant Mason wrongfully coerced the sexual encounters and that the other defendants subjectively knew that Mason posed a risk to him.

Accordingly, the court will grant Gross's motion and seek a lawyer willing to take his case *pro bono*. The court will also stay all deadlines in this case pending location of an attorney willing to take the case, and will set a scheduling conference to re-establish those deadlines once volunteer counsel has begun work on this matter.[1]

## ORDER

IT IS ORDERED that:

1) Plaintiff's first motion for assistance in recruiting counsel (dkt. #37) is DENIED as moot.

2) Plaintiff John Gross's second motion for assistance in recruiting counsel (dkt. #58) is GRANTED.

3) Plaintiff's motion for court assistance and advice (dkt. #68) is DENIED as moot.

4) Plaintiff's motion to appoint an expert (dkt. #65) is DENIED without prejudice.

Entered this 10th day of September, 2014.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge

---

[1] Because the court has now granted Gross's request for pro bono counsel, it will deny as moot his first motion for assistance in recruiting counsel (dkt. #37) and his request for court assistance and advice (dkt. #68). For the time being, it will also deny the motion to appoint an expert (dkt. #65), subject to possible renewal by his recruited counsel.