IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN GROSS,

                              Plaintiff,

     v.

WILLIAM POLLARD, *et al.*,

                             Defendants.

ORDER

12-cv-577-wmc

---

     State inmate John Gross filed this civil action under 42 U.S.C. § 1983, alleging that he was subjected to non-consensual sexual contact by a female correctional officer and that other officers failed to protect him from harm while he was in custody at the Waupun Correctional Institution. At plaintiff's request, the court has recruited counsel Michael P. Crooks and Grace Kulkoski of the highly-regarded law firm of Peterson Johnson & Murray, S.C., in Madison, Wisconsin, to represent him *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter his appearance as plaintiff's *pro bono* counsel for the record.

     The next step is for the court to hold a scheduling conference for this case, which is currently stayed. Plaintiff's counsel should contact the Wisconsin Department of Corrections for purposes of consulting with plaintiff in the preparation of his case whether by phone and/or in person. So that counsel will have sufficient time to consult

with plaintiff in advance of the scheduling conference, the clerk's office will be directed to set that conference in November 2014, as the court's schedule allows.

Finally, plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients they take on. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Plaintiff must also work directly and cooperatively with his attorney, as well as those working at his direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to have heard, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting him from doing so. Accordingly, plaintiff must be prepared to accept the strategic decisions made by his lawyers even if he disagrees with some of them.

If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to alert the court and end their representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

ORDER

IT IS ORDERED that the clerk's office enter Michael P. Crooks and Grace Kulkoski of Peterson, Johnson & Murray, S.C., as plaintiff's *pro bono* counsel of record and to set this case for a scheduling conference in November 2014, as the court's schedule allows.

Entered this 22nd day of September, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge